IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:22CR00099-02 |
| | ) | |
| ARIEL ESPINOZA | ) | |

DEFENDANT'S POSITION ON SENTENCING

The Defendant by and through counsel, Shawn M. Cline, Esq., represents to the court that

he has no objections to the presentence report in this case that affect the application of the

sentencing guidelines.  The defendant hereby and through counsel requests a downward variance

to 24 months confinement.  Such a sentence is sufficient, but not greater than necessary, to

satisfy the sentencing factors outlined in 18 U.S.C. §3553(a).

1. **STATUTORY AND GUIDELINES OVERVIEW**

Mr. Espinoza comes before the Court for sentencing for one count of Possession with

Intent to Distribute Cocaine on Board a Vessel, in violation of 46 U.S.C. §70503, 21 U.S.C.

§960(a)(3) and (b)(3).  He faces a maximum term of 20 years imprisonment and up to 3 years of

supervised release.  The United States Probation Office has calculated an advisory guideline

sentencing range of 46 to 57 months.  Mr. Espinoza has accepted full responsibility for his

conduct and promptly plead guilty, saving the United States the expense and uncertainty of a

litigated trial.

2. **ARGUMENT**

A. **The Sentencing Guidelines are Advisory**

As the Court is aware, the sentencing guidelines are purely advisory, and while they bear

due consideration, the Court is free to impose a variance sentence above or below the calculated

guideline range. *See United States v. Booker*, 543 U.S. 220 (2005). The Court expanded this sentencing discretion with *Nelson v. United States*, finding that the District Court erred in presuming that a sentence within the guideline range was reasonable. *Nelson v. United States*, 129 S.Ct. 890, 892 (2009). The Court has cautioned that sentencing judges cannot allow the advisory sentencing guidelines to be used as a substitute for the court's independent determination of an appropriate sentence according to the 18 U.S.C. §3553(a) factors. *Spears v. United States*, 129 S.Ct. 840 (2009). Ultimately, the Court must look at the individual characteristics of Mr. Espinoza and the conduct at issue and apply the §3553(a) factors in crafting an individualized sentence that furthers these objectives.

B. **3553(a) Factors as Applied to Mr. Espinoza**

Regardless of the advisory sentencing guideline range, the Court is bound by statute to consider the 18 U.S.C. §3553(a) factors when crafting a sentence that is "sufficient, but not greater than necessary" to comply with their purposes. First, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Court must consider the need for the sentence to "reflect the seriousness of the offense" and to "afford adequate deterrence to criminal conduct". The Court must consider the kinds of sentences available as well as the advisory sentencing range. Finally, the Court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct".

**1. The Nature of the Offense and the History and Characteristics of the Defendant**

Mr. Espinoza comes before the court with a Criminal History Score of I, having never been arrested or charged at any time in his life. He is from Santa Domingo, Dominican Republic and has no criminal record there or anywhere else. He is 36 years old and one of three children

born in the Dominican Republic.  Both his mother and his two sisters still live there and are domestic workers.  His father has been absent from his life since Mr. Espinoza was five years old and may have emigrated to the United States where he is believed to have a criminal record.  His mother is not aware of the present charges.  Mr. Espinoza does not know how she will handle learning that he has made such a poor choice and he prefers not to tell her what has happened.

Mr. Espinoza grew up in Puerto Plata, Dominican Republic in a poor household.  His mother did what she could to support her children but there was little surplus for the family.  Mr. Espinoza left school in the third grade and began working at the age of 9 shining shoes to help his mother support his two younger siblings.  Mr. Espinoza has three children whom he supports in the Dominican Republic, aged 9, 13, and 16 and he wants nothing more than to return to his home country to be with them.   Upon completing his term of confinement in the United States he will return to Dominican Republic and reunite with his family.  He has expressed deep remorse for his conduct and wishes nothing more than to return to his home country.

Mr. Espinoza was recruited locally by members of a DTO to serve as a mariner on this operation due to his experience as a fisherman.  He had no prior involvement with the DTO, but agreed to participate in the hope of providing support for his family.  Prior to his recruitment he had been unable to secure employment, and but for the lack of legitimate work in Puerto Plata he would never have involved himself in this dangerous operation.  Prior to his involvement he had been working in construction, but the work ceased and he could find no further employment. While he knew what he was doing was illegal, he played no role in the planning of the operation and was oblivious to its full scope.  He was simply a hired hand to assist in the duties of a seaman on an unflagged smuggling vessel which was ultimately intercepted in international waters.  He and his family were living in a state of poverty almost unheard of in the United

States; and even by third world standards they were quite poor.  He thought he could help his family by taking a terrible risk, and now he knows he must face the consequences of that decision.

2. **<u>Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Deter Criminal Conduct</u>**

There is no question that Mr. Espinoza deserves to be punished for his decision to become involved in this operation.  In terms of specific deterrence of Mr. Espinoza, it is hardly conceivable that he would ever endeavor to engage in an operation such as this again.  He has been through the terrifying ordeal of being interdicted by a USCG cutter on the open ocean and spending a month as a prisoner on board that vessel travelling to unknown destinations throughout Latin America.  He has been held in continuous custody in a foreign jail where very few of the inmates speak his language.  He is essentially alone and isolated in a foreign country, with no contact with his family or native land.  It would simply be unthinkable that he would engage in this type of conduct again.  In addition, it goes without saying that he faces danger upon his return to Dominican Republic and that no DTO there would seek to employ him in the future.  Similarly, it seems unlikely that any degree of general deterrence is necessary in this case as the seizure of the vessel alone and the prospect of being brought to trial in the United States is more than sufficient to deter prospective mariners in Latin and South America from engaging in this conduct in the future.

3. **<u>The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct</u>**

This case is similar in most regards to the case of United States v. Reinel Sanchez (4:20CR04) in this district wherein the defendant was a relatively minor participant in a similar operation that was interdicted by the United States Coast Guard off of Ecuador.  Mr. Sanchez's vessel was carrying 990 kilograms of cocaine (more than twice the amount involved in the instant case) and he was ultimately sentenced to 36 months in prison.  It seems logical that a lesser amount of cocaine in an otherwise similar fact pattern ought to produce a lower sentence.  As such, defendant is asking for 24 months confinement.

## **CONCLUSION**

Taking into consideration the 18 U.S.C. §3553 factors, and for the reasons set forth herein the defense requests a downward variance to 24 months confinement.  Such a sentence is sufficient, but not greater than necessary, to satisfy the sentencing factors outlined in 18 U.S.C. §3553(a).

Respectfully submitted,


SHAWN M. CLINE
ATTORNEY FOR DEFENDANT


_____/s/_____
Shawn M. Cline
Attorney for Defendant
Virginia State Bar No. 48176
The Law Office of Shawn M. Cline, PC
38 Wine Street
Hampton, VA 23669
(757)224-1777
(757)224-0664 fax
scline@hamptonroadsdefense.com

Certificate of Service

I certify that on August 15th, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Eric M. Hurt, Esquire
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
721 Lakefront Commons
Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Eric.hurt@usdoj.gov


By:_____/s/_____

Shawn M. Cline
Attorney for Defendant
Virginia State Bar No. 48176
The Law Office of Shawn M. Cline, PC
38 Wine Street
Hampton, VA 23669
(757)224-1777
(757)224-0664 fax
scline@hamptonroadsdefense.com