**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**UNITED STATES OF AMERICA**

**v.**                                              **Criminal Case No.: 4:22-CR-000099**

**DUVAL DUQUIERO AVILLA ORDONEZ,**
                    **Defendant.**

**POSITION OF DEFENDANT**
**WITH RESPECT TO SENTENCING**

COMES NOW, the defendant, Duval Duquiero Avilla Ordonez, by and through counsel, and files his Position On Sentencing pursuant to the Federal Rule of Criminal Procedure 32, § 6A1.2 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and the Sentencing Procedure Order as to Mr. Ordonez.  Counsel has received and reviewed the Presentence Report ("PSR") with the defendant and respectfully states that there are no objections to the PSR that would affect the advisory guidelines.  The defendant agrees with the government and Probation that the total offense level in this case should be at level 23, and with a criminal history category of I, it would place his advisory guideline range between 46 and 57 months but submits that a sentence even at the low end of 46 months does not properly reflect his minimal level of involvement and is far greater than necessary to reflect the sentencing factors listed in 18 U.S.C. § 3553(a).

BACKGROUND

On December 8, 2022, Mr. Ordonez was named in a one count Indictment returned by the Grand Jury for the Eastern District of Virginia, charging the defendant with Possession with Intent

-1-

to Distribute Cocaine on Board a Vessel, in violation of 46 U.S.C. § 70503, on or about October 11, 2022; and a forfeiture allegation pursuant to 18 U.S.C. § 924(d), 982(a)(1); 21 U.S.C. § 853; and, 28 U.S.C. § 2461.

In accordance with the terms of a written plea agreement, Mr. Ordonez appeared before The Honorable Robert J. Krask, United States Magistrate Judge and pled guilty to Count One of the Indictment. The Plea Agreement provided that the parties agreed that the following guidelines apply in this case: A base offense level of 32; a 4 point reduction for the defendant's minimal role in the criminal activity; a 3 point reduction for the defendant's acceptance of responsibility; and a 2 point reduction based upon the safety valve provision. The United States also agreed that the defendant has no convictions that would qualify as crimes of violence or drug trafficking crimes.

The Court accepted the guilty plea and sentencing was continued pending the completion of a presentence report.

<u>NATURE AND CIRCUMSTANCES OF THE OFFENSE</u>

The details of the offense are set forth in the PSR in a verbatim citing of the Statement of Facts, encompassing PSR ¶ 7. Since March 2020, CGIS Chesapeake Region has supported the Drug Enforcement Administration (DEA) and Homeland Security Investigations with joint investigations of maritime smuggling operations. October 11, 2022, while on routine patrol in international waters, a Maritime Patrol Aircraft located a Go-Fast Vessel occupied by three individuals approximately 100 nautical miles south of Isla Beata, Dominican Republic. The U.S. Coast Guard Cutter "Valiant" was

subsequently diverted to intercept the Go-Fast Vessel. While waiting for the U.S. Coast Guard

Cutter Valiant to make contact with the Go-Fast Vessel and its crew the Maritime Patrol Aircraft observed the three crew members of the Go-Fast vessel throw several bales of suspected narcotics overboard. U.S. Coast Guard personnel subsequently launched an over the horizon small boat with a boarding crew to make contact with the Go-Fast Vessel.   A right of visitation boarding was conducted and three individuals were encountered, including, the defendant, Mr. Ordonez. There were no indicia of nationality observed on the vessel and when asked about the nationality of the vessel, none of the three crew members wanted to make a claim of nationality for the vessel.  U.S. Coast Guard personnel recovered fifteen bales containing approximately 408 kilograms of cocaine, a Schedule II controlled substance.

<u>BACKGROUND</u>

Mr. Ordonez is 37 years of age and was born in the town of Saboya in Columbia, to the marital union of Noheli Avila and Mary Francilina Ordonez.  The defendant has four siblings.  Mr. Ordonez attended school until the 9th grade.

Mr. Ordonez has three children and has been in a long-term relationship with Maria Cristiana Sanabria for approximately 20 years. The defendant has two adult children with Ms. Sanabria.  Mr. Ordonez also has a 16 year old daughter with  Magely Paula Diaz that currently resides with her maternal grandmother in Bogotá, Colombia.  Prior to his incarceration, his daughter resided with him for approximately 3 years because her mother moved to Madrid, Spain.

Mr. Ordonez was employed as a tow truck driver for approximately 4 years prior to his arrest.   Mr. Ordonez reported earning 800 Colombian pesos (19 cents U.S. currency) The

defendant was previously employed as a taxi driver, a delivery driver and with the National Army of Colombia .

Mr. Ordonez has no history of substance abuse, mental health or criminal convictions.

<u>THE APPROPRIATE SENTENCE IN THIS CASE</u>

In determining Mr. Ordonez's sentence, the Court is to consider: (1) the nature and circumstances of the offense and the history and characteristics of Mr. Ordonez ; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of Mr. Ordonez , and (D) to provide Mr. Ordonez with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for [the offense]; (5) any pertinent policy issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).  As the Court well knows, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the above factors. Neither the statute itself nor *United States v. Booker*, 543 U.S. 220 (2005), suggests that any one of these factors is to be given greater weight than any other factor.

In some cases, the Guidelines sentencing range will roughly approximate a sentence that would achieve the objectives of § 3553(a).  *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S.Ct. 558 (2007).  In these instances, the advisory ranges are typically the product of the Commission's

careful study, and are "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). This is not always the case in all of the Guideline provisions. Where the guideline does not reflect the careful study of the Commission, it is likely not "a reliable indicator of the Sentencing Commission's perspective on a fair sentence." *United States v. Shipley*, 560 F.Supp.2d 739, 744 (S.D.Iowa 2008). In those instances, the Court may vary up or down on a case by case basis, after making an individualized determination that the Guidelines would yield an excessive sentence. *Spears v. United States*, 555 U.S. 261, 265, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam). When a court finds that the Guideline consistently yields sentences greater than necessary to achieve the purposes of § 3553(a), the court may categorically reject a Guideline based upon policy grounds. *Id*.; *United States v. VandeBrake*, 679 F.3d 1030, 1039-40 (8th Cir.2012) (affirming categorical rejection of Guideline for antitrust offenses); see also, *United States v. Henderson*, 649 F.3d 955, 960 (9th Cir.2011); *United States v. Grober*, 624 F.3d 592, 599–600 (3d Cir.2010); *United States v. Corner*, 598 F.3d 411, 415 (7th Cir.2010) (en banc); *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir.2008) (en banc); *United States v. Rodriguez*, 527 F.3d 221, 227 (1st Cir.2008).

The incentive for the defendant's involvement in this scheme was a fee, and he was not responsible for the actual distribution or setting of any prices. Mr. Ordonez was approached and asked if he wanted to make some money. Mr. Ordonez's primary role was to assist on the boat. Mr. Ordonez's motivating factor in his involvement in this case was money, he has expressed true remorse for his actions, understands that punishment must follow, and has accepted responsibility for his conduct.

To use quantity as the primary indicator of Mr. Ordonez's level of culpability and therefore establish a guideline range to suggest an appropriate amount of incarceration does very little to promote fairness in arriving at a just sentence for Mr. Ordonez's conduct in this matter. When considering this defendant's actual level of involvement, and his prior background and history, a sentence within the guidelines range would be extremely punitive and far greater than that which is needed to address the sentencing factors listed in 18 U.S.C. § 3553(a).

Mr. Ordonez is a 37 year old man whose poor decision making has had a significant and negative impact on his life.  Mr. Ordonez is before this Honorable Court having accepted full responsibility for his criminal behavior.  Despite the wrongfulness of his actions, neither Mr. Ordonez nor society will benefit from the imposition of an extended prison term. A sentence of not more than 24 months would promote respect for the law and adequately reflect the seriousness of his offense while also providing him an opportunity to succeed with treatment under the supervision of this Honorable Court.

<u>REFLECTING THE SERIOUSNESS OF THE OFFENSE,<br>PROMOTING RESPECT FOR THE LAW, PROVIDING JUST PUNISHMENT, DETERRENCE AND<br>PROTECTING THE PUBLIC FROM MR. ORDONEZ</u>

Section 3553(a)(2)(B) requires a sentencing court to impose a sentence that affords adequate deterrence to criminal conduct. Mr. Ordonez deeply regrets his actions and every day wishes he had done things differently.  A sentence of 24 months would send a message to other persons that the court will impose a just sentence.

<u>NEED TO PROTECT SOCIETY</u>

Section 3553(a)(2)(c) requires a sentencing court to impose a sentence that protects the

public from other crimes of the defendant.  A sentence within the advisory guideline range is far in excess of what is just or necessary in this case.  The proceedings up until this point, including transporting Mr. Ordonez from his home country, the separation from his family and the isolation of being unable to communicate with anyone while being detained and incarcerated, coupled with a sentence of 24 months is sufficient to ensure that Mr. Ordonez will never again involve himself in criminal conduct.  Mr. Ordonez is aware of the consequences of his actions, and the negative impact it has caused his family.  Mr. Ordonez is aware of the seriousness of this offense and is extremely remorseful for his actions.

<u>THE NEED TO AVOID UNWARRANTED DISPARITIES</u>
<u>AMONG DEFENDANTS WITH SIMILAR RECORDS</u>
<u>WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT</u>

The Court must consider the need to avoid unwarranted disparities among defendants with similar criminal histories convicted of similar criminal conduct.  18 U.S.C. § 3553(a)(6).  The court should avoid unwarranted similarities in sentencing among defendants who are different in ways not accounted for in the guideline range, see *Gall*, 552 U.S. at 55 ("need to avoid unwarranted similarities among other co-conspirators who were not similarly situated").

A variance downward from the voluntary sentencing guidelines would avoid unwarranted sentence disparity, and would also serve the mandate of § 3553(a) to impose a sentence sufficient, but not greater than necessary to punish Mr. Ordonez's conduct.  Mr. Ordonez's primary involvement, similar to other cases that have been prosecuted recently in the Eastern District of

Virginia are centered on his assistance in shipping a large amount of drugs in international waters.[1]

On August 22, 2023, this Court sentenced Mr. Ordonez's co-defendant, Mr. Ariel Espinoza, to a term of 30 months of incarceration. The Government concedes that it is unable to distinguish Mr. Torres from Mr. Espinoza.

ARGUMENT

The Court should consider all of the 3553(a) factors to determine a sentence and, "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id., at 52, (quoting *Koon v. United States*, 518 U.S. 81, 98, (1996)).

Mr. Ordonez's guidelines are primarily based on the weight and type of the drugs involved. Furthermore, "[T]he Guidelines ranges for drug trafficking offenses are not based on empirical data, Commission expertise, or the actual culpability of defendants…. Instead, they are driven by drug type and quantity, which are poor proxies for culpability." *United States v. Diaz*, 2013 WL 322243, No. 11-CR-00821-2 (E.D.N.Y. Jan. 28, 2013). Because the guidelines use as their primary focus drug weight, the actual involvement and culpability of the Defendant are largely ignored.

In the present case, Mr. Ordonez did not maintain his own set of local clients, did not "front" any advancements of narcotics dependent on future sales, and did not share in any profits.

---

[1] *See* United States v. Pineda, et. al., No.4:20-CR-66 (E.D.V.A. July 21, 2021); *see also* United States v. Smith-Meria, et. al., No. 4:20-CR-38 (E.D.V.A. April 2, 2021).

Defendant's primary involvement, similar to other cases that have been prosecuted recently in the Eastern District of Virginia are centered on his assistance in shipping a large amount of drugs in international waters.[2] These boat crews are routinely made up of very poor, impoverished, individuals from small countries who are used by the larger drug organizations because these crew members are cheap labor and expendable. The incentive for the defendant's involvement in this scheme was a fee, and he was not responsible for the actual distribution or setting of any prices. Defendant has acknowledged that the motivating factor in his involvement in this case was money, he has expressed true remorse for his actions, understands that punishment must follow, and has accepted responsibility for his conduct.

As he must now face an appropriate disposition from the court for his actions, it is Defendant's position that the Court sentence him only to those conditions that are necessary to satisfy the 3553(a) factors. "Incarceration is often necessary, but the unnecessarily punitive extra months and years the drug trafficking offense guideline advises us to dish out matter: children grow up; loved ones drift away; employment opportunities fade; parents die." Id.

To use quantity as the primary indicator of Mr. Ordonez's level of culpability and therefore establish a guideline range to suggest an appropriate amount of incarceration does very little to promote fairness in arriving at a just sentence for Mr. Ordonez's conduct in this matter. When considering Mr. Ordonez's actual level of involvement, and his prior background and history, a sentence within the guidelines range would be extremely punitive and far greater than that which

---

[2]*See* United States v. Pineda, et. al., No.4:20-CR-66 (E.D.V.A. July 21, 2021); *see also* United States v. Smith-Meria, et. al., No. 4:20-CR-38 (E.D.V.A. April 2, 2021).

is needed to address the sentencing factors listed in 18 U.S.C. § 3553(a).

As noted in the PSR, Mr. Ordonez was raised in Columbia in a poverty stricken nation. Mr. Ordonez is anxious to return back to his home and reunite with his family.

When considering the Mr. Ordonez's age, his family life, his absence of any criminal record, and his low-level, limited participation in this offense, a sentence within the appropriate guideline range would exceed the sentencing goals as provided in 18 U.S.C. § 3553. Mr. Ordonez did not make the primary arrangements for the organization of distribution, did not have any clients or list of potential buyers, his primary motivation was the fee he received. Because the guidelines focus primarily on the weight of the drugs involved and not on the culpability of the defendant's conduct, the guidelines in this situation are greater than that which is necessary to reflect an appropriate sentence.

<u>SAFETY VALVE PURSUANT TO 18 U.S.C. § 3553(f) and §5Cl.2</u>

Pursuant to 18 U.S.C. § 3553(f) , Mr. Ordonez should be eligible for safety valve relief. In order to eligible for safety valve relief, there are five requirements for 18 U.S.C. § 3553(f) to take effect: **(1)** the defendant cannot have more than 4 criminal history points, cannot have a prior 3 point offense, and cannot have a prior 2 point violent offense, **(2)** the offense did not involve firearms or violence, **(3)** the offense did not result in death or serious bodily injury to any person, **(4)** the defendant was not an organizer or leader of others in the offense as determined under the sentencing guidelines, and **(5)** the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense. Mr. Ordonez has absolutely no criminal history other than the instant offense. There is no allegation regarding violence, Mr.

Ordonez was not a leader or organizer of others, and Mr. Ordonez has fully cooperated during this process.

CONCLUSION

Mr. Ordonez respectfully requests that this court give consideration to the foregoing factors and find that a sentence anywhere within or close to the advisory guideline range would be overly harsh. Accordingly, in light of the statutory factors and arguments above, Mr. Ordonez, recognizing and acknowledging the serious nature of his offenses, respectfully moves this Honorable Court, for the reasons stated herein, to impose a sentence within a range of 12 to 24 months of incarceration. This sentence is sufficient, but not greater than necessary to satisfy the sentencing factors set forth in 18 U.S.C. § 3353(a).

Respectfully submitted,

_____/s/_____

Michael P. Jones
Attorney for Defendant
Virginia State Bar No. 36164
MICHAEL P. JONES, P.C.
11847 Canon Boulevard, Suite 1
Newport News, VA 23606
(757) 873-2333
(757) 873-5522 fax
mjones@michaelpjonespc.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of August, 2023, a true and correct copy of the above and foregoing Defendant's Position with Respect to Sentencing Factors was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Eric M. Hurt
> Assistant United States Attorney
> 721 Lake Front Commons, Suite 300
> Newport News, Virginia 23606
> eric.hurt@usdoj.gov

I further certify that on this 29th day of August, 2023, I caused a true and correct copy of the foregoing to be delivered to the following:

> Probation Officer Stephanie Hollier
> United States Probation Officer
> 827 Diligence Drive, Suite 210
> Newport News, Virginia 23606
> Stephanie_ortega@vaep.uscourts.gov

                              _____/s/_____
                              Michael P. Jones
                              Attorney for Defendant
                              Virginia State Bar No. 36164
                              Michael P. Jones, P.C.
                              11847 Canon Boulevard, Suite 1
                              Newport News, VA 23606
                              (757) 873-2333
                              (757) 873-5522 - fax
                              mjones@michaelpjonespc.com